IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHAD AUSTGEN,**

     Plaintiff,

v.

**ALLIED BARTON SECURITY SERVICES,
LLC, n/k/a Allied Universal,**

     Defendant

C.A. No. 4:18-cv-00949

JURY DEMANDED

## DECLARATION OF CHAD AUSTGEN

1. "My name is Chad Austgen; I am over the age of eighteen (18) and I am fully competent to make this Declaration. All of the facts stated herein are true and correct and are based upon my personal knowledge. The documents attached are true and correct copies.

2. I am an accomplished leader, program and project manager with a strong analytical and security background. I have over five years of professional experience as an intelligence specialist and non-commissioned officer in the United States Marine Corps Reserve. I have over two years' experience as a civilian intelligence professional focusing on all source, human and political intelligence, including special operations experience and several years of experience leading intelligence teams and projects. I have excelled consistently and have a degree in economics and am pursuing a master's degree in statistics.

3. I began working for Defendant in January 2016 as a Licensed Security Officer. Defendant hired me as their employee; not at a particular site.

4. Unfortunately, as a result of my service in Iraq as a United States Marine, I suffer from chronic back pain.

5. Defendant assigned me to the Port of Houston. My post was one of three out of over twenty total that required extensive climbing in and out and under commercial vehicles.

6. After nine (9) months of such extensive daily climbing in and out of and under commercial vehicles my back injury became seriously aggravated.

1

7. I initially raised the issue of my injury with Defendant's agent, Terri Hinojosa. I did not state that I was unable to perform the duties of my position. I said that I was experiencing some pain and made the recommendation that I be switched to a different post as a reasonable accommodation.

8. Instead of accommodating me or proving me with my job duties and asking me to see a physician in order to ascertain whether they could accommodate me, I was told that I could not return to work and I was given a fit for duty form and instructed that I needed to have a doctor fill out the form before I'd be able to return to my same position.

9. I was not promised my position back nor did I request leave.

10. Instead, Defendant sent me home.

11. Defendant failed to tell me I was on leave. I made attempts to inquire if my job was being held including by text message with Terri Hinojosa and no one ever confirmed that I remained employed or that my job was being held.

12. Katherine Aylea placed me on unpaid leave retroactively on September 11, 2016, "to protect your job status" only after I'd retained the services of an attorney. There was no interactive process. Once I made the complaint I was immediately expelled from my position.

13. I went to a doctor on my own and gave the doctor a list of job duties for my posts and 19 other posts.  The doctor recommended that I could work at all but 3 of the 20 posts at the Houston Port for Allied Universal.

14. Defendant never gave me a list of job duties for my job or any job.

15. My request was to move to one of the 17 of  over 20 posts where I did not have to climb in and out of commercial vehicles all day on a daily basis. This would have been a reasonable and easy fix for Defendant.

16. On September 23, 2016 I delivered a fit for duty form with recommendations that I be assigned to 20+ other posts by my physician. I was informed by Terri that this fit for duty form was not sufficient to satisfy their requirements

2

because it did not well enough describe the physical limitations of my injury. I returned to my physician and procured another fit for duty form which I delivered on September 26, 2016. On September 27, 2016, Katherine Aylea informed me that there were contractual obligations in place that do not allow for accommodations at the Port of Houston.

17. Later in that conversation Katherine expressed that Terri had never informed her they don't make any accommodations for the contract positions at the Port of Houston and asked if I had been made aware. She stated in a frustrated manner that it was "good to know now."

18. After a month of not being paid, not being sure if I had a job and Defendant wholly failing to engage in a good faith interactive accommodation practice, Defendant then transferred me into a contractor supervisor position at Phillips 66 which paid less than supervisor positions at Defendant's Port of Houston location. At that point I was out a month's salary and was humiliated having no income.

19. Defendant did not timely engage in a good faith interactive process regarding my accommodation request when I informed them of my need for such. Defendant did not provide me with a job description of my duties and ask me to bring it to my physician to complete. Defendant also did not ask me to go to another doctor with a list of job duties for an evaluation. Instead, Defendant told me to go home. Later, on September 15, 2016, Defendant informed me that I was unpaid leave retroactive to September 5, 2016. I did not know if I still had a job or was terminated as I was not getting paid.

20. The failure to timely and properly accommodate me caused me physical pain as well as mental anguish and left me without any salary.

21. I have stated several times that the accumulated stress of constantly working at the few posts at the port that require those levels of bending and twisting were what caused aggravation to my injury. I would have been able to perform these duties as necessary if given the requested accommodation of being moved to any of the 20+ posts available. I would have also been able to occasionally work the posts from which I was requesting a transfer if given that transfer. I have never been engaged in a constructive process to state that I would be able to work those posts as necessary, similar to every other security professional at the port.

3

22. I was paid the same wage as my previous position, but at a different rate and scale. My equivalent position at the port, that of a supervisor, would have been paid $25 dollars per hour. Since I was at a different contract site, Defendant refused to pay me this higher wage for the job I was actually doing.

23. My back injury does not currently affect my lifestyle because I've structured my life around my limitations. I am not climbing in and out of commercial vehicles.  I do not consider chronic nerve pain which was partially repaired with spinal surgery to be a minor injury. I choose hobbies, like online gaming, because I have aggravated my injury several times in the past by exercising, doing yard work, and with other physical activities. My job as a military contractor was that of an analyst. I was not allowed to carry a weapon or leave base nor was I permitted to do work outside of the scope of my contract. I worked on a computer behind a desk. My injury hasn't impacted other jobs that I've worked because I've pursued jobs which I'm able to do because I've lived within my own limitations. I was discharged from the Marine Corps due to my back injury.

 

**Chad Austgen**

Signed on this day:  7/16/2019