IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD AUSTGEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0949 |
| | § | |
| ALLIED BARTON SECURITY | § | |
| SERVICES, LLC, n/k/a Allied | § | |
| Universal, | § | |
|     Defendant. | § | |

# MEMORANDUM AND ORDER

This Americans With Disabilities Act ("ADA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 28] filed by Defendant Allied Barton Security Services, LLC n/k/a Allied Universal ("Allied"), to which Plaintiff Chad Austgen filed a Response [Doc. # 33], and Defendant filed a Reply [Doc. # 34]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion.

## I. BACKGROUND

In 2012, Plaintiff was discharged from the United States Marine Corps due to a back injury he sustained while in Iraq. The back injury was not caused by a specific event, but was caused when "accumulated stress from carrying combat loads

compressed several of the discs" in Plaintiff's lower back. *See* Deposition of Chad Austin, p. 15.

In January 2016, Plaintiff began working for Allied as a Licensed Security Officer ("Security Officer") at the Port of Houston. The Security Officers working for Allied at the Port of Houston provide security at various entrance gates or "posts" where they are responsible for checking individuals and vehicles seeking to enter the Port of Houston. The Security Officers must be able "to perform repetitive motion bending, squatting, reaching and twisting, etc. for up to and over 8 hours." *See* Security Officer Responsibilities, Tab 12 to Motion. Each Security Officer at the Port of Houston was required to be available to work at any post if the need arose. *See* Austgen Depo., p. 40; Affidavit of Katherine Alyea, Tab 11 to Motion, ¶ 7.

In early September 2016, Plaintiff reported an aggravation of his prior back injury, which he attributed to the "extensive daily climbing in and out of and under commercial vehicles" in connection with his work for Allied. *See* Declaration of Chad Austgen, Exh. to Response, ¶ 6. Plaintiff notified his account manager of his "disability and requested accommodation." *See* Plaintiff's Court Ordered Disclosures, Tab 7 to Motion, p. 2. Plaintiff "made the recommendation that [he] be switched to a different post as a reasonable accommodation." *See* Austgen Decl., ¶ 7.

After Plaintiff notified Allied of his disability, which he claimed was seriously aggravated by his work at the Port of Houston, Allied sent Plaintiff home until he was cleared by his doctor to return to work. Allied gave Plaintiff a "Fitness for Duty Form" ("Form") on which his doctor was asked to identify Plaintiff's specific physical restrictions. Plaintiff returned the Form on September 23, 2016. At that time, the Form did not identify any physical restrictions and, instead, identified particular locations at the Port of Houston where Plaintiff's doctor believed Plaintiff could work. *See* Fitness for Duty Form, Exh. to Response [Doc. # 33-2], ECF p. 3. Allied's representative, Terri Hinojosa, advised Plaintiff that the Form did not satisfy Allied's requirements because it did not identify Plaintiff's physical limitations. Plaintiff thereafter obtained a partial release to work from his physician, which stated that Plaintiff "has restrictions of no prolonged climbing, bending, or twisting." *See* Release to Return to Work, Tab 16 to Motion. Plaintiff delivered the second Fitness for Duty Form to Allied on September 26, 2016.

The next day, September 27, 2016, an Allied Human Resources representative, Katherine Alyea, communicated with Plaintiff regarding potential worksites other than the Port of Houston that would accommodate the physical limitations identified by Plaintiff's doctor. The next day, Plaintiff advised Ms. Alyea that he would like to accept the opportunity to interview for a new position. *See* Austgen Deposition,

pp. 95-96. On September 29, 2016, Plaintiff interviewed for an Allied position at Phillips 66, and he began working at that facility shortly thereafter.

Although he had not worked as a supervisor at the Port of Houston, Plaintiff was classified as a "Site Supervisor" at Phillips 66. This resulted in Plaintiff receiving the same wage and benefits that he had been receiving as a "Security Officer" at the Port of Houston. Plaintiff did not complain about the transfer to the Phillips 66 facility and, indeed, he later applied for and accepted a full-time position working for Phillips 66 directly. *See* Austgen Depo., p. 34.

Plaintiff filed this lawsuit on March 26, 2018, and filed an Amended Complaint [Doc. # 14] on October 5, 2018. Plaintiff alleges that Allied failed to provide him with a reasonable accommodation. *See* Amended Complaint, ¶ 4.11. Plaintiff alleges also that Allied retaliated against him for engaging in protected activity under the ADA. *See id.*, ¶ 4.13. After the close of discovery, Allied moved for summary judgment. The Motion has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL STANDARDS

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden at

trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material

fact for trial. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir.

2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

### B. <u>Standards for ADA Claims</u>

Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job

training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

As with Title VII cases, an ADA plaintiff who claims employment discrimination or retaliation may proceed, in response to a summary judgment motion, under the *McDonnell-Douglas* burden-shifting framework. *See E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Under this framework, if the plaintiff shows a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions; if the defendant does so, the plaintiff then bears the burden to show that the defendant's proffered reason is pretextual. *Id*.

To establish a *prima facie* disability accommodation claim under the ADA, a plaintiff must demonstrate (1) that he is a "qualified individual with a disability"; (2) that the disability and its limitations were known to the employer; and (3) that the employer failed to make reasonable accommodations for those known restrictions. *See Feist v. La. Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013); *Molton v. East*

*Baton Rouge Parish Sch. Bd.*, 715 F. App'x 310, 314-15 (5th Cir. Oct. 6, 2017). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . .." 42 U.S.C. § 12102(1). Major life activities for purposes of the ADA include working. 42 U.S.C. § 12102(2)(A). The major life activity of working refers to the "inability to work in a broad class of jobs." *Conner v. La. Dep't of Health & Hosps.*, 534 F. App'x 245, 248 (5th Cir. July 1, 2013); *Mora v. Univ. of Texas SW Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. Mar. 8, 2012); *Presta v. Omni Hotels Mgmt. Corp.*, 2018 WL 1737278, *8 (S.D. Tex. Apr. 4, 2018) (citing 29 C.F.R. § 1630 (2014)). The ADA requires that the definition of disability "be construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of [the statute]." 42 U.S.C. § 12102(4)(A).

"The ADA provides a right to reasonable accommodation, not to the employee's preferred accommodation." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). "A disabled employee has no right to a promotion, to choose what job to which he will be assigned, or to receive the same compensation as he received previously." *Id*. Additionally, "where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the

employer, the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017).

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that (1) he participated in an activity protected under the ADA; (2) his employer took an adverse employment action against him; and (3) that there is a causal connection between the protected activity and the adverse action. *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 349 (5th Cir. 2019); *Feist*, 730 F.3d at 454. In the retaliation context, an adverse action must be so harmful that it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 804 (5th Cir. Mar. 7, 2018).

## III. ANALYSIS

### A. Disabled or Perceived as Disabled

In the Amended Complaint, Plaintiff states that he suffers from chronic back pain and requested accommodation for his disability. *See* Amended Complaint, ¶ 4.3. In the Amended Complaint, he does not identify any major life activities that are substantially limited by his back pain.

In his Response to Defendant's Motion, Plaintiff does not argue that he is disabled, only that Allied regarded him as disabled. *See* Response, pp. 8-10. In ADA cases based on an employer regarding the employee as disabled, "a plaintiff now need only show that his employer perceived him as having an impairment; he is not required to show that he is substantially limited in a major life activity . . .." *Mendoza v. City of Palacios*, 962 F. Supp. 2d 868, 871 (S.D. Tex. 2013) (citing 42 U.S.C. § 12102(3)(A)). The "regarded as" aspect of the definition of "disability" does not apply "to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(c)(B).

Plaintiff has failed to present evidence that Allied regarded him as disabled. Plaintiff self-reported a disability. Specifically, Plaintiff reported that performing his job duties was seriously aggravating his prior back injury. Allied stopped Plaintiff from performing the aggravating job duties and required him to obtain a release from his physician before he could return to performing those job duties. Allied also required Plaintiff to obtain an explanation of his restrictions or limitations from his physician from which Allied could evaluate whether Plaintiff was suffering from a disability and whether there were reasonable accommodations available. Plaintiff's evidence demonstrates that he reported a disability and Allied required additional

information. There is no evidence in the record that Allied regarded or perceived Plaintiff as having a "disability."[1] On this basis, Defendant is entitled to summary judgment.

B. **Reasonable Accommodation**

Plaintiff complains that he was not given a reasonable accommodation, specifically that he was not permitted to work at certain posts at the Port of Houston and not at other posts. Based on Plaintiff's position in his Response at pages 8-10 that he is relying on being "regarded as" disabled rather than suffering from an actual disability, the accommodation claim fails. The ADA requires employers to provide reasonable accommodations only for employees who are actually disabled, not for those who are regarded as disabled. *See* 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(e);[2] *Weed v. Sidewinder Drilling, Inc.*, 245 F. Supp. 3d 826, 838 (S.D. Tex. 2017).

Even if Allied had been required to provide a reasonable accommodation to Plaintiff, the undisputed evidence establishes that it did so. Allied transferred Plaintiff

---

[1] Plaintiff concedes that his back injury has not had an impact on other jobs he has worked, including work as a private contractor working for the Army overseas. *See* Austgen Decl., ¶ 23; Austgen Depo., p. 14.

[2] An employer is "not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong . . .." 29 C.F.R. § 1630.9(e).

to another facility – Phillips 66 – where he would not be required to perform the job duties that were aggravating his back injury and that his physician identified as restrictions. Allied paid Plaintiff the same wages and provided the same benefits at the Phillips 66 facility as it had at the Port of Houston. Notably, Plaintiff did not complain about the transfer and, indeed, eventually went to work for Phillips 66 directly. Allied was not required to provide Plaintiff with his preferred accommodation, and a "disabled employee has no right to a promotion, to choose what job to which he will be assigned, or to receive the same compensation as he received previously." *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011).

Plaintiff also complains that Allied failed to comply with its obligation to engage in the interactive process. The interactive process is intended to allow the parties "to craft a reasonable accommodation." *Molden v. E. Baton Rouge Parish Sch. Bd.*, 715 F. App'x 310, 315-16 (5th Cir. Oct. 6, 2017). An employer may violate the ADA when its "unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee." *Id*. at 316. In this case, however, there is no genuine fact dispute that Allied provided Plaintiff with a reasonable

accommodation. Therefore, "any putative failure to engage in an interactive process cannot be said to have led to a failure to reasonably accommodate."[3] *Id.*

For each of the reasons discussed above, Defendant is entitled to summary judgment on the "reasonable accommodation" discrimination claim.

### C. Retaliation Claim – Adverse Employment Action

As stated above, a *prima facie* case of retaliation under the ADA requires evidence that (1) the plaintiff participated in an activity protected under the ADA; (2) his employer took an adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse action. *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 349 (5th Cir. 2019). Plaintiff engaged in protected activity under the ADA when he requested accommodation for his disability. *See Hammond v. Jacobs Field Servs.*, 499 F. App'x 377, 383 (5th Cir. Dec. 5, 2012).

---

[3]   Additionally, the undisputed evidence in the record establishes that Allied engaged in the interactive process with Plaintiff. When Plaintiff notified Allied in early September 2016 that his job duties at the Port of Houston were aggravating his back injury, Allied told him to stop performing those duties until his physician determined it was safe for him to return to work. Plaintiff did not return the "Fitness for Duty Form" to Allied until September 23, 2016. Allied immediately reviewed the Form and determined that it failed to identify any physical limitations, so Allied required additional information from Plaintiff and his physician. That information was provided on September 26, 2016. The next day, Allied contacted Plaintiff about alternate facilities where he could work given his physical limitations. Plaintiff expressed his interest in a new location, interviewed for an Allied position at the Phillips 66 facility on September 29, 2016, and began working there by the beginning of October. This satisfied any obligation Allied had to engage in an interactive process with Plaintiff.

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding an adverse employment action. Plaintiff argues that it was an adverse employment action when he was placed on unpaid leave until he was released to return to work by his physician. Plaintiff advised Allied that performing his job duties was aggravating his back injury and that he was unable to perform the work required for some of the posts at the Port of Houston. At that point, Plaintiff had informed his employer that he could not perform his job responsibilities, and that performing those responsibilities was aggravating his back injury. Therefore, Allied reasonably required Plaintiff to stop working until a physician determined that it was safe for him to return to work. Plaintiff has cited nothing in the ADA or any case law that requires paid leave during a period of time when the employee claims to be unable to perform his essential job requirements.

When Plaintiff was transferred to the Phillips 66 facility, his title was changed from Licensed Security Officer – the title he held at the Port of Houston – to "Site Supervisor" so that he would be paid the same wages he earned at the Port of Houston. Plaintiff claims that he suffered an adverse employment action because his "equivalent position at the port" would have earned $8.00 more. This is not evidence of an adverse employment action. Plaintiff never worked as a supervisor at the Port of Houston. It is undisputed that the "Site Supervisor" position at the Phillips 66 facility

allowed Plaintiff to be paid the same wages as his "Security Officer" position at the Port of Houston. There is no evidence that Plaintiff suffered a reduction in overtime opportunity or other benefits when he was transferred. Indeed, the uncontroverted evidence demonstrates that he suffered no reduction in pay or benefits when he transferred to the Phillips 66 facility from the Port of Houston.

Plaintiff has failed to present evidence that Allied took any action against him that was so harmful that it could dissuade a reasonable worker from participating in protected activity under the ADA. As a result, Allied is entitled to summary judgment on Plaintiff's retaliation claim.

## IV. **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether Allied perceived him as disabled for purposes of the ADA. Allied was not required to provide a reasonable accommodation for an individual claiming to be perceived or regarded as disabled. Even if Allied had been required to provide a reasonable accommodation, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding its alleged failure to do so. Additionally, Plaintiff has failed to present evidence that raises a fact issue regarding an adverse employment action. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 28] is **GRANTED**.  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **30th** day of **July, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE